UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

William L. Burnes                      Case No. 05-67697
                                                                   Chapter 7
                         Debtor.     /             Hon. Phillip J. Shefferly

Nancy E. Kunzat

                        Plaintiff,
v.                                                                          Adv. Pro. No. 05-5915

William Leonard Burnes,

                        Defendant.
                                             /

**OPINION DENYING DEMAND FOR JURY TRIAL**

**I. Introduction**

This matter is before the Court upon a complaint and jury demand filed by the Plaintiff, Nancy E. Kunzat, against the Defendant, William Leonard Burnes. Plaintiff demands a jury trial to determine dischargeability of a debt under 11 U.S.C. § 523(a)(6) of the Bankruptcy Code. For the reasons stated herein, this Court finds that Plaintiff has no right to a jury trial.

**II. Facts**

Plaintiff filed a pre-petition suit against Defendant in state court alleging that Defendant committed malpractice as Plaintiff's former therapist. Specifically, Plaintiff alleged that the malpractice was based on sexual assault and battery that occurred while Plaintiff was under Defendant's care. The parties entered into a settlement agreement before a trial was held. Without acknowledging wrongdoing, Defendant agreed to pay $10,000 to Plaintiff, with a

judgment of $25,000 to be entered in the event of default. The agreement provided that the filing of bankruptcy constituted a default which would entitle Plaintiff to file an adversary proceeding and pursue the judgment in bankruptcy court. On August 29, 2005, Defendant filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The obligation owed to Plaintiff was listed as an unsecured, nonpriority debt in the amount of $10,000. An order of discharge was granted December 8, 2005. Plaintiff filed this adversary proceeding and jury demand on the issue of dischargeability of the debt owed under the settlement agreement.

## II. **Jurisdiction**

This is a core proceeding under 28 U.S.C. § 157(b)(2)(I), over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(a) and 157(a).

## III. **Discussion**

The question of whether a Seventh Amendment right to a jury trial exists in a proceeding brought under 11 U.S.C. § 523[1] has largely been settled. The Seventh Amendment sanctions jury trials in legal, not equitable, proceedings. Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41 (1989). A two-part analysis determines the legal or equitable nature of a claim. First, the claim is compared to 18th-century actions to establish whether the cause of action, had it existed at the time, would have been tried in the English courts of law. Second, the remedy is examined

---

[1]Section 523, including subsection (a)(6), provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –
> . . . .
>
>    (6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

-2-

to determine its legal or equitable character. Id. at 42; Tull v. United States, 481 U.S. 412, 417-418 (1987). Greater weight is given to the latter of this two-part analysis. Granfinanciera, 492 U.S. at 42.

Plaintiff concedes that this is not a case in which a Seventh Amendment right to jury trial applies. This Court agrees. Bankruptcy courts are courts of equity. Discharge is an equitable remedy. Longo v. McLaren (In re McLaren), 3 F.3d 958, 960 (6th Cir. 1993). The two-part analysis of Granfinanciera, when applied to issues of dischargeability, leads to no other conclusion but that dischargeability proceedings are equitable in nature and no Seventh Amendment entitlement to jury trial arises. In re McLaren, 3 F.3d at 961.

Notwithstanding Plaintiff's acknowledgment that there is no Seventh Amendment right to a jury trial, Plaintiff nevertheless asserts an entitlement to a jury trial that Plaintiff describes as a "statutory entitlement." In support of this position, Plaintiff cites 28 U.S.C. § 157(b)(2)(B) and (O),[2] § 157(b)(5),[3] and § 1411(a)[4] as evidence of Congress' clear intent to protect a personal

---

[2]28 U.S.C. § 157(b) provides in relevant part:

>    (b)(1) Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 . . . .
>
>    (2) Core proceedings include, but are not limited to –
>
>    . . . .
>
>    (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interests for the purposes of confirming a plan under chapter 11, 12, or 13 of title 11 but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11;

-3-

injury claimant's right to a jury trial. Plaintiff contends that her underlying claim, brought before this Court as a settlement of a malpractice claim, is predicated on a personal injury consisting of an alleged sexual assault. According to Plaintiff, because Congress intended to protect the right to a jury trial for personal injury claimants, that right to jury trial should extend to any fact finding regarding a personal injury claim even in the context of a non-dischargeability action under § 523(a)(6). Because a determination of non-dischargeabilty under § 523(a)(6) requires that there

---

. . . .

>           (O)  other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims . . . .

[3]Section 157(b)(5) provides:

> The district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy court is pending, or in the district court in the district in which the claim arose, as determined by the district court in which the bankruptcy case is pending.

The District Court for the Eastern District of Michigan complies with §157(b)(5) through Local Rule 83.50(c), which provides:

> District judges will hear and determine cases or proceedings withdrawn under 28 U.S.C. § 157(d). District judges will also try personal injury tort and wrongful death claims under 28 U.S.C. § 157(b)(5). If necessary, parties may move under (b) to withdraw a personal injury tort or wrongful death claim from a bankruptcy judge.

[4]Section 1411(a) provides: "Except as provided in subsection (b) of this section, this chapter and title 11 do not affect any right to trial by jury that an individual has under applicable nonbankruptcy law with regard to a personal injury or wrongful death tort claim."

-4-

be a willful and malicious injury by the debtor, which necessitates a finding that the debt-creating act was done intentionally or deliberately and with substantial certainty that it would cause harm, Westfall v. Glass (In re Glass), 207 B.R. 850, 858 (Bankr. E.D. Mich. 1997), Plaintiff claims she is at least entitled to a jury trial of these issues.

Plaintiff fails to cite any specific basis for an entitlement to a jury trial of any issue in this case. This Court concludes that none exists. The provisions relied on by Plaintiff, § 157(b)(5), § 1411(a), and that portion of § 157(b)(2)(B) that addresses personal injury claims, "are strictly procedural in nature" and come into play only when a right to trial has independently been established. In re Dow Corning Corp., 215 B.R. 346, 360 (Bankr. E.D. Mich. 1997). Likewise, § 157(b)(2)(O) is procedural in nature. Statutory provisions that are part of the same act and that each address the treatment of personal injury and wrongful death claims in bankruptcy should be read in harmony. Id. These sections do not confer a right to a jury trial on any issue in this adversary proceeding. Factual inquiries under § 523 are commonplace and are foundational in determining dischargeability of a debt. The fact that this debt allegedly involves a personal injury does not change that inquiry, nor does that fact necessitate that a jury trial must be held if demanded.

## IV. Conclusion

Plaintiff's complaint requests a determination that a settlement amount agreed to by Plaintiff and Defendant in state court is a non-dischargeable debt under § 523(a)(6). Plaintiff admits that there is no Seventh Amendment right to a jury trial of her complaint but still seems to believe that she has a right to a jury trial on some or all issues in this adversary proceeding because the original injury that gave rise to the state court lawsuit that led to the settlement

agreement may have been the result of a personal injury.  Plaintiff is incorrect.  This adversary proceeding simply involves a determination by this Court of whether a liquidated debt, agreed to as part of a settlement of a state court lawsuit, is a non-dischargeable debt under § 523(a)(6). Plaintiff has not demonstrated that she is entitled to a jury trial of any issues in this adversary proceeding.  The Court will enter a separate order denying Plaintiff's demand for a jury trial and setting this adversary proceeding for a bench trial.

**Not for publication**

**Signed on January 05, 2007**

                                          **/s/ Phillip J. Shefferly**
                                         **Phillip J. Shefferly**
                                         **United States Bankruptcy Judge**

-6-

05-05915-pjs    Doc 39    Filed 01/05/07    Entered 01/05/07 11:38:07    Page 6 of 6